In the Matter of the Lands of Margaret J. Anderson, Sold for Taxes by the Treasurer of Monroe County.

Seymour Boughton, Appellant, *v.* James S. Garlock, Respondent, and Others.

*Proceedings under chap.* 107 *of* 1884 *to obtain possession of land sold for taxes — what title must be shown by one claiming under the purchaser at the tax sale.*

Before an order will be made confirming the title of the assignee of a purchaser of real property at a tax sale in the county of Monroe, in proceedings brought pursuant to the provisions of chapter 107 of the Laws of 1884, it is incumbent upon such assignee, the petitioner in such proceedings, to show that the purchaser at the sale has parted with his title, and that the petitioner is the grantee, and is entitled to an absolute title in fee of the premises.

It is not sufficient for the petitioner to show that he has an equitable interest in the premises; and where the sole title which the petitioner has to such premises

is under a contract made between the petitioner and the purchaser at the tax sale, whereby the latter agreed to convey to the former all his right, title and interest in the premises in question, the petitioner has no title which is sufficient under the provisions of such act to entitle him to the order provided for by section 16 thereof.

APPEAL by the petitioner, Seymour Boughton, from an order of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 14th day of July, 1893, dismissing the appellant's petition and proceedings brought pursuant to the provisions of chapter 107 of the Laws of 1884.

*H. H. Woodward*, for the appellant.

*James S. Garlock*, in person, respondent.

LEWIS, J. :

The proceeding in which this appeal was taken was commenced under chapter 107 of the Laws of 1884, which provides a system for the collection of unpaid taxes upon lands in Monroe county for State or county purposes.

The treasurer of the county is authorized to sell lands for unpaid taxes, and, if the owner fails to redeem the same within two years from the last day of the sale, the treasurer is required to execute to the purchaser, his heirs or assigns, in the name of the people of the State, a conveyance of the real estate so sold, which, when perfected in the manner provided by the act, vests in the grantee an absolute estate in fee in the premises, subject to all the claims which the people of the State may have thereon for taxes, or other liens or incumbrances.

If, at the expiration of the two years after the sale, the land be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, may cause a notice to be served upon the person so occupying the land, notifying him that if he does not redeem within a time specified in the act the conveyance will become absolute, and the occupant and all others interested in the land will be forever barred from all right and title thereto.

It is provided by section 16 of the act that within one year after the expiration of the time for the redemption, the grantee, his heirs.

or assigns, shall make application to the County Court of Monroe county for an order requiring the parties interested to show cause why he should not have possession of and title to such property, and that unless the consideration money, together with thirty-five per centum on the tax and the other expenses, be paid into the treasury of the county within three months from the service of the order, the court will declare the title vested in the grantee.

It is provided by section 17 that if the premises are not redeemed according to the conditions of the order the county judge may, by a final order, declare the absolute title in fee to the said premises vested in the grantee, and that all persons having any lien upon or interest in said premises shall be from the date thereof forever barred and cut off from any and all right, title or interest in said property.

The appellant's petition alleged the sale of the lands by the treasurer for unpaid taxes described in the petition to one Lyman Johnson, and that a certificate of sale was made by said treasurer in due form and delivered to said Johnson, and that said treasurer duly delivered to said Johnson a deed of said premises in due form, which recited that said sale had been made and that said lands had not been redeemed within the time prescribed by said act for the redemption thereof, and then follow allegations as to the due service of the required notices.

The only allegations in the petition showing what interest the petitioner had in the premises are the following : " And your petitioner further states that the said Lyman Johnson has contracted with your petitioner to convey all his right, title and interest in said premises under and by virtue of said deed from said treasurer to your petitioner, who is now the owner of the rights conveyed to said Johnson as aforesaid."

The petition concluded with the prayer that an " order be made by this Court pursuant to section 16 of said Act requiring the said owner and other persons interested in said premises to show cause why your petitioner should not have possession of and title to said premises, and such other and further relief to which he may be entitled under the provisions of said Act."

The respondent Garlock, having a lien upon the premises in question, appeared on the return day of the order and opposed the grant-

ing thereof. The County Court denied the application for the order upon the ground that the petitioner had failed to show by his petition that he had such an interest in the premises as entitled him to the order.

It was incumbent upon the petitioner, before he was entitled to to the order, to show that the purchaser at the sale had parted with his title and that the petitioner was the grantee, and that he was entitled to an absolute title in fee to the premises as grantee thereof. It was not enough for him to show that he had an equitable interest in the premises.

True, it is alleged in the petition that the petitioner is now the owner of the rights conveyed to said Johnson as aforesaid, but that statement is qualified by what precedes it.

The interest that he possessed he got by virtue of a contract from Johnson, agreeing that he would convey to the petitioner all his right, title and interest in the premises which he obtained under and by virtue of said deed from the treasurer.

The petition failed to allege that any conveyance of the title had, in fact, been made to him. The substance of the statement in the petition is that the interest which the petitioner had in the premises was what he derived from the contract mentioned, it being a mere equitable title.

Holding such a title, he was not entitled, under the provisions of the act, to the order asked for.

As the petitioner was seeking to avail himself of a statutory proceeding to divest others of their interest in real estate, he was required to bring himself clearly within the provisions of the statute.

This, we think, he failed to do ; his petition was, therefore, properly dismissed.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order of the County Court of Monroe county appealed from affirmed, with ten dollars costs and disbursements.